## Landis v. Dallastown Area School District

*John R. Gailey, Jr.,* for plaintiff.
*Daniel W. Shoemaker,* for defendant.

ATKINS, P. J., February 23, 1973.—In this case the principal of the Dallastown Area High School suspended Linda Marie Landis indefinitely from the school. She then filed her complaint in equity seeking her reinstatement pending a hearing before the school board. Since section 1318 of the School Code of Pennsylvania of March 10, 1949, P. L. 30, requires a hearing before the board, we granted the prayer of that complaint.

The board then designated a committee, which it is permitted to do under section 1318, to hear the case. After hearing the committee concluded that the child was guilty of the offense of possession of marijuana and imposed a suspension upon her for a period of 43 school days. She then filed an amended complaint seeking to convert her action into a class action, and seeking to have the action of the board set aside as arbitrary and capricious.

No objection to the form of action has been made, and we will, therefore, proceed to the merits of the case without reference to the propriety of the action itself. We do however conclude there is nothing in the case that would support treating it as a class action, and we therefore consider it only as the situation affects the minor plaintiff herself.

The testimony presented to the board, acting through its committee, was that the child received two cigarettes from another pupil whose identify was not disclosed, but which he told her were marijuana, and she accepted them in the belief that they were in fact marijuana cigarettes. She placed them in an envelope which contained some markings on it that identified the envelope as being hers. The envelope then apparently fell from her purse and was subsequently found lying in the corridor of the school building. It was then taken to the office. A field test was performed which indicated the substance to be marijuana. We therefore conclude that the committee was certainly justified to conclude that this child was guilty of the offense of the possession of marijuana which occurred upon the school premises.

The board then, after the hearing, had the right to either suspend the child for such time as it may determine, or to permanently expel her. As above indicated the board in this case saw fit to suspend her from school for a period of 43 school days.

Plaintiff contends that this is arbitrary and capricious and is in violation of her constitutional right to a free education in the public schools.

We are then faced with the determination of whether a suspension from school for a period of 43 school days under the circumstances here presented does violate the student's constitutional right to a free education in the public school. We cannot under the facts here presented conclude that the penalty imposed is sufficiently severe to amount to a denial of her constitutional right to an education. It is not necessary for us to consider the extent of the authority of the court to modify or change the action of the board with regard to the length of the suspension. There is a well recognized rule of administrative law that a court will not substitute its judgment for that of an administrative agency, unless it is demonstrated that the action of the agency is clearly arbitrary and capricious. We do not consider that the facts here render the board's action in that category.

We note however at the hearing that there was more lip service on the part of the school district concerning any plans for enabling the child to keep up her school work during the period of her suspension. It was rather clear that the board was placing the initiative upon the child to see that she got the assignment of her lessons. We think that when dealing with school children of the age of this one, the initiative should come from the school district rather than the child, and the district should see that the assignments are furnished to her.

## ORDER

And now, February 23, 1973, for the reasons above stated, it is ordered, adjudged and decreed that the complaint filed herein be and is hereby dismissed.